Andrew P. Karamouzis (AK 9332)
MORAN • KARAMOUZIS LLP
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Attorneys for Defendant
United Parcel Service, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
———————————————————x

**NATASHA CREIGHTNEY,**                             C.A. No. 1:22-cv-9936

          **Plaintiff,**
- against –


**UNITED PARCEL SERVICE, INC.,**

          **Defendant.**
———————————————————x

### DEFENDANT'S NOTICE OF REMOVAL

Defendant United Parcel Service, Inc. (Ohio) ("UPS") files this Notice of Removal of the underlying state court action pursuant to 28 U.S.C. §§ 1332 and 1441, respectively, and in support thereof, respectfully shows the following:

**I.  INTRODUCTION**

1. Defendant UPS removes this state-law action brought by Plaintiff Natasha Creightney ("Creightney"), pursuant to 28 U.S.C. §§ 1332 and 1441, respectively, based upon diversity jurisdiction. UPS and Creightney are citizens of different states, and Creightney seeks damages in excess of the $75,000 jurisdictional threshold required for the exercise of diversity jurisdiction. UPS also files this Notice of Removal within thirty (30) days of service of Creightney's

1

initial settlement demand, the first document to allege removable claims in this cause, as required by 28 U.S.C. § 1446(b).

## II.   FACTUAL BACKGROUND

2. On September 21, 2022, Creightney filed a Verified Complaint against UPS in the Supreme Court of the State of New York, County of Bronx, styled *Natasha Creightney v. United Parcel Service, Inc.*; Index No. 814126/2022E (the "Complaint").  Attached as **Exhibit A** hereto is a true and correct copy of Plaintiff's Verified Complaint, dated September 21, 2022.

3. Creightney served UPS with the Verified Complaint on October 3, 2022.  Attached as **Exhibit B** hereto is a true and correct copy of Notice of Service of Process.

4. Plaintiff's Verified Complaint asserts four causes of action against Defendant UPS: (i) harassment and hostile workplace in violation of Section 296.1(c) of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and N.Y.C. Admin. Code § 8-101 *et seq.*. (ii) unlawful discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and N.Y.C. Admin. Code § 8-101 *et seq.*. (iii) negligent hiring and supervision, and (iv) sexual assault.  *See* Complaint, ¶¶ 15 - 32. Plaintiff's Verified Complaint seeks "all compensatory, emotional, psychological, and punitive damages, liquidated damages, injunctive relief, and any other damages permitted by law".  *Id.*, ¶ 32.  However, Plaintiff's Verified Complaint does not state the specific amount of damages sought.  *Id.*

5. On November 18, 2022, counsel for Plaintiff served counsel for UPS with Plaintiff's initial settlement demand, stating that Plaintiff is seeking $250,000.00.  Attached as **Exhibit C** hereto is a true and correct copy of Jonathan Tand's email, dated November 18, 2022.

6. UPS now timely files its Notice of Removal within thirty (30) days of receiving the settlement demand, the first document that states the amount in controversy, in accordance with 28 U.S.C. § 1446(b)(1).

### III.   ARGUMENTS & AUTHORITIES

7. Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).  As explained in detail below, both diversity jurisdiction requirements are satisfied in this case.

*A.   UPS and Creightney are Citizens of Different States.*

8. Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Under this definition, UPS is not, and was not at the time this lawsuit was filed, a citizen of the State of New York and is completely diverse in citizenship from Creightney.  Specifically, Plaintiff's employer, UPS (Ohio), was incorporated in Ohio and has its principal place of business in Georgia and is therefore a citizen of Ohio and Georgia.  Creightney, on the other hand, is a citizen of the State of New York.  *See* Complaint, ¶ 3 ("Plaintiff . . . is a resident and domiciliary of Bronx County, New York."). In other words, UPS and Creightney are citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

*B.   Jurisdictional Amount in Controversy Satisfied.*

9. The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case.  In the removal of cases based on diversity jurisdiction,

3

"the party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Kruglov v. Copart of Connecticut, Inc.*, 771 Fed. Appx. 117, 118 (2d Cir. 2019) (*quoting Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). The Second Circuit has held, however, that "this burden is not an onerous one" and that "[d]ismissal is only warranted where it is a 'legal certainty' that the plaintiff cannot recover the jurisdictional amount-in-controversy threshold." *Id.* Even if there is uncertainty or "grave doubt about the likelihood of recovery of the requisite amount, dismissal is not warranted." *Id. See also*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

9. Furthermore, the thirty (30) day time limit to remove a case does not commence upon service of the complaint, when the complaint does not disclose that the plaintiff is seeking damages in excess of the federal jurisdictional amount. *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)). Rather, the "removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Id.* Therefore, courts have cautioned defendants not to "presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction," but rather, should seek a demand from Plaintiff to specify her alleged damages. *Valentin v. Dollar Tree Stores Inc.*, No. 21 Civ. 3647 (MKV), 2021 WL 2852039, at *2 (S.D.N.Y. July 8, 2021) (holding that Defendants should be wary of premature removal and instead serve a demand under CPLR § 3107(c) requesting plaintiff specify damages first.).

10. Plaintiff's Complaint does not specify the amount in damages sought. *See* Complaint, ¶¶ 15 – 32. Accordingly, on November 1, 2022, counsel for Defendant requested Plaintiff to provide a written settlement demand. On November 18, 2022, Plaintiff's counsel responded, via email, stating that Plaintiff's opening demand is "$250,000". *See* Tand Email, dated

4

November 18, 2022.

11.     Plaintiff is seeking $250,000, an amount in alleged damages that far exceeds the $75,000 jurisdictional threshold for removal, and this matter is removable. *See Majors v. Diageo North America, Inc.*, 2022 WL 2003490 **2- 3 (denying plaintiff's motion to remand and holding that removal was proper, in an employment discrimination case, where defendant demonstrated "by a preponderance of the evidence that the value of the underlying claim exceeds the jurisdictional amount"). *See also*, *Lopez v. Target Corp.*, 2021 WL 4272292, at *2 (W.D.N.Y. Sept. 21, 2021) (holding that plaintiff's pre-suit demand letter was sufficient to prove by a preponderance of the evidence that the amount in controversy in the case exceeded $75,000).

## C.     *Removal is Procedurally Proper.*

12.     Venue is proper in the Southern District of New York under 28 U.S.C. §1446(a), as Plaintiff is a resident of Bronx County. *See* Complaint, ¶ 3.

13.     UPS was served with a copy of Creightney's Verified Complaint on October 3, 2022. *See* Notice of Service.

13.     UPS was served with an initial settlement demand on November 18, 2022, the first document which specified the amount in controversy in this case, and which demonstrated that such amount far exceeded the jurisdictional threshold required for removal. *See* Tand Email, dated November 18, 2022. UPS now has timely filed this Notice of Removal within thirty (30) days of service of that document, as required. 28 U.S.C. § 1446(b)(3).

14.     Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice of Removal is filed with this Court, UPS shall serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), UPS shall also promptly file a true and correct copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, New York.

**WHEREFORE,** for the foregoing reasons, Defendant United Parcel Service, Inc. (Ohio) respectfully requests that the captioned action, now pending in the Supreme Court for the State of New York, County of Bronx, be removed to this Court.

                                    Respectfully submitted,

Dated: November 22, 2022        **MORAN • KARAMOUZIS LLP**

By: /s/ Andrew P. Karamouzis
    Andrew P. Karamouzis (AK 9332)

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
(516) 678-6661 (Fax)
akaramouzis@mka-law.com

        -and-

Shannon B. Schmoyer (*Pro Hac Vice forthcoming*)
Texas State Bar No. 17780250
sschmoyer@sr-llp.com
Laura Emadi (*Pro Hac Vice forthcoming*)
Texas State Bar No. 24105838
lemaid@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax:    (210) 447-8036

**ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC. (OHIO)**